UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CODY HUDSON,

    Plaintiff,

v.                                                CASE NO.:

NORTHROP GRUMMAN SYSTEMS
CORPORATION
A Foreign Profit Corporation,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CODY HUDSON ("Ms. Hudson or Plaintiff") files this Complaint against Defendant, NORTHROP GRUMMAN SYSTEMS CORPORATION, ("Defendant" or "NG"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, ("ADA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3. The Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in St. Johns County, Florida, and the venue, therefore, for this case is the Jacksonville Division of the Middle District of Florida.

6. Defendant is a general partnership that provides aerospace and defense services in, among others, St. Johns County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered adverse employment action and was subjected to an

increasingly hostile work environment as a result of her disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

11. On or around January 2020, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

12. On September 21, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked as a Supply Chain Expeditor Analyst for the Defendant from January 2017, until her wrongful termination on June 13, 2019.

16. In early April of 2019, Defendant's Supervisor, Keith Miller ("Mr. Miller") informed Plaintiff that her shift was changed, and assigned her to back-breaking physical labor in a squalid old hangar without air conditioning, making her move the largest and most cumbersome aircraft parts in these sub-optimal conditions.

17. In mid-April of 2019, Ms. Hudson unfortunately suffered an abdominal hernia due to wrangling these heavy and cumbersome aircraft parts in the old hangar.

18. Ms. Hudson's abdominal hernia substantially limits the major life activities of walking, standing, sitting, and working, thus making it a "protected disability" under the ADA and a serious health condition under the FMLA.

19. Ms. Hudson immediately reported her workplace injury/disability to NG via both her supervisor and NG's benefits coordinator, Zurich.

20. NG should have responded to Ms. Hudson's notice of her serious chronic health condition by informing her of her rights and obligations pursuant to the FMLA.

21. NG's failure to do so was itself is tantamount to interference under the FMLA. *See Patterson v. Browning's Pharm. & Healthcare, Inc.*, 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

22. NG also failed to refer Ms. Hudson to one of its workers' compensation doctors to treat her industrial injury. At that time, Ms. Hudson also attempted to engage NG in an interactive process to discuss her disability and potential accommodation for same, including unpaid leave, light duty, or other possible accommodations. NG refused to engage in the interactive process with Ms. Hudson as required by the ADA.

23. Instead, Mr. Miller merely told Ms. Hudson that NG does not offer light duty, and informed Ms. Hudson that she was therefore not welcome back at NG unless she could demonstrate that she was 100% healed from her hernia.

24. Ms. Hudson therefore contacted Zurich herself, certified her medical condition properly, and received approval for continuous FMLA leave from April 25, 2019, through June 20, 2019, so that she could have surgery performed upon her abdominal hernia and recover properly from the surgery.

25. On or about June 11, 2019, NG forwarded written correspondence to Ms. Hudson via overnight mail wrongly stating that her continuous FMLA leave had ended on

May 19, 2019, and accusing Ms. Hudson of "unauthorized absences" on May 20, May 21, May 22, May 23, May 27, May 28, May 29, May 30, June 3, June 4, June 5, June 6, and June 10, 2019.

26. NG's letter memorialized NG's unlawful interference in violation of the FMLA.

27. In response to NG's inaccurate and interfering letter, Ms. Hudson contacted Defendant, and informed it that NG was wrong, and that her period of approved continuous FMLA leave to treat her serious chronic health condition would not end until June 20, 2019, as memorialized in Zurich's records.

28. NG nevertheless incontinently terminated Ms. Hudson's employment effective June 13, 2019.

29. This termination was clearly in retaliation for her suffering a disability, or being "perceived as" disabled, and requiring accommodation for same, and in retaliation for her requiring continuous unpaid leave pursuant to the FMLA in order to treat and address her ongoing serious chronic health condition.

30. The timing of her termination makes the causal connection between her use of FMLA, her request for reasonable accommodations under the ADA, and her termination sufficiently clear.

31. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

32. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

33. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

34. Defendant did not have a good faith basis for its actions.

35. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FMLA were intended to prevent.

36. Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the ADA.

37. The Defendant was aware of Plaintiff's ADA-protected medical condition and need for accommodation.

38. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking a short-term leave of absence to seek treatment for her disability, and denying her the ability to work light duty.

39. In short, despite the availability of reasonable accommodation under the ADA, and despite the fact that Ms. Hudson would not be prevented by her disability to any degree in performing the duties of a Supply Chain Expeditor, Defendant discriminated against Ms. Hudson based solely upon her disability.

40. Ms. Hudson is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Supply Chain Expeditor.

41. Ms. Hudson did not need, or seek, any accommodation so drastic.

42. Instead, as she discussed with Defendant, she would simply need a short leave of absence to have surgery and be placed on light duty after undergoing same.

43. This accommodation would have imposed no undue hardship on Defendant.

44. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

45. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B)

46. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

47. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

48. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

49. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

50. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

51. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

52. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is the member of protected classes as envisioned by the ADA.

53. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of her disability and/or "perceived disability."

54. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

55. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:
## UNLAWFUL INTERFERENCE UNDER THE FMLA

56. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-2, 4-8, 11-31, 33-35, and 55 above.

57. At all times relevant hereto, Plaintiff was protected by the FMLA.

58. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

59. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

60. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II:
## UNLAWFUL RETALIATION UNDER THE FMLA

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-2, 4-8, 11-30, 32-35, and 55 above.

63. At all times relevant hereto, Plaintiff was protected by the FMLA.

64. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of FMLA protected leave.

65. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

66. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

67. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

68. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III: AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

69. Plaintiff realleges and adopts the allegations contained in Paragraphs 1, 3-6, 9-19, 22-25, 27-30, 34-55 above.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

71. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

74. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA, require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay, grant Plaintiff a judgment against Defendant for damages, including punitive damages, award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA, and provide any additional relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 1st day of December 2020.

                                        Respectfully Submitted,

                                        **By:** */s/Noah E. Storch*
                                        Noah E. Storch, Esq.
                                        Florida Bar No. 0085476
                                        RICHARD CELLER LEGAL, P.A.
                                        10368 W. SR 84, Suite 103
                                        Davie, Florida 33324
                                        Telephone: (866) 344-9243
                                        Facsimile:  (954) 337-2771
                                        E-mail: noah@floridaovertimelawyer.com